IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DYNAMIC SPORTS NUTRITION, LLC** | § § § | |
| *Plaintiff,* | § § | |
| **v.** | § § | **CIVIL ACTION NO. _____** |
| **VITAL PHARMACEUTICALS, INC. d/b/a VPX,** | § § § | |
| *Defendant.* | § § | |

---

**PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTION**

---

**TO THE HONORABLE JUDGE OF SAID COURT**:

**Dynamic Sports Nutrition, LLC** (hereinafter "Plaintiff" or "DSN") files this Original Complaint and Application for Temporary and Permanent Injunction against Defendant **Vital Pharmaceuticals, Inc. d/b/a VPX** ("VPX" or "Defendant"), to recover legal and equitable relief for Defendant's infringement of DSN's trademark rights and unfair competition.

## A.
## PARTIES

1.     Plaintiff **Dynamic Sports Nutrition, LLC** is a Texas limited liability company with its principal place of business in the Houston Division of the Southern District of Texas.

2.     Defendant **Vital Pharmaceuticals, Inc. d/b/a VPX** ("VPX" or "Defendant") is a Florida corporation with its principal place of business in Broward County, Florida.  VPX

may be served with process by serving its registered agent for service of process, John H. Owoc (also known as Jack Owoc), at its registered office located at 1600 North Park Drive, Weston, Florida 33326.  Owoc may also be served at his home address at 1721 SW 131st Terrace, Davie, Florida 33325, or wherever he may be found.

**B.**
**JURISDICTION & VENUE**

3.      The Court has subject matter jurisdiction over the claims brought herein under 28 U.S.C. § 1332 because the parties are residents of different states, and Plaintiff seeks damages of more than $75,000.  In addition, the Court has subject matter jurisdiction under 28 U.S.C. § 1331 in that one of the causes of action herein arises under a federal statute – the Lanham Act.

4.      The Court has personal jurisdiction over Defendant because it has maintained minimum contacts with the State of Texas sufficient to subject it to personal jurisdiction consistent with due process under the Fourteenth Amendment to the United States Constitution.  Defendant has purposefully availed itself of the benefits and protections of Texas by establishing minimum contacts with Texas and the Court's exercise of jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice. Defendant VPX has infringed the trademarks owned by a Texas resident by, upon information and belief, selling infringing products to Texas residents.

5.      Venue is proper in the Houston Division of the Southern District of Texas under 28 U.S.C. § 1391(b)(1-2) because all or a part of the events giving rise to the cause of action asserted herein took place in the Houston Division of the Southern District of Texas,

because the claims asserted herein arise through Defendant VPX's trademark infringement in the Houston Division of the Southern District of Texas, and because Plaintiff has its principal place of business in this Division and this District.

## C.
## BACKGROUND FACTS

6.    DSN, a company organized and existing under Texas law with its principal place of business in the Southern District of Texas, develops and sells safe, natural and innovative nutritional and dietary supplements which, when taken as directed, are designed to promote healthy living and longevity.  DSN has spent significant resources to research, develop and market its products, and to ensure it maintains its competitive advantages.  One way in which DSN does this is through the creation and registration of distinctive, federally registered trademarks to set DSN's health and dietary products apart from the similar products of DSN's competitors.

7.    DSN is the owner of the federally registered trademark CLEN®, U.S. Trademark Registration No. 4,416,649, which the U.S. Patent and Trademark Office registered October 15, 2013 for "dietary and nutritional supplements" in International Class 5, first used in interstate commerce on October 1, 2005.  A true and correct copy of the registration certificate is attached hereto as **Exhibit 1** and is hereby incorporated herein by reference.  DSN's registration of the trademark CLEN® is valid, subsisting, and in full force and effect.  The trademark CLEN® is associated exclusively with DSN for use with "nutritional and dietary supplements" and DSN has used the trademark CLEN® in interstate commerce continuously since registration.  In fact, DSN has used the trademark CLEN® in

interstate commerce continuously since as early as October 1, 2005.  DSN has expended substantial time, money and resources marketing, advertising and promoting its nutritional supplements under the trademark CLEN® and, as a result of its widespread, continuous and exclusive use of this mark to identify DSN as the source of the "CLEN®" line of nutritional supplements, the trademark CLEN® has acquired and now possesses a favorable reputation and distinctiveness.  Customers and potential customers have come to identify the trademark CLEN® as originating with DSN.  Consequently, DSN has developed substantial recognition among the consuming public for its high quality product sold under the trademark CLEN® and thereby enjoys extensive goodwill associated with the trademark CLEN®.  Consumers throughout the United States recognize the trademark CLEN® as identifying a single source of DSN's high quality dietary and nutritional supplements.

8.     DSN recently became aware of Defendant's distribution and sale of a new dietary and nutritional product that VPX named "Liquid Clen," which is confusingly similar to DSN's trademark CLEN®.  By using a name and mark that is confusingly similar to DSN's the trademark CLEN® in association with identical goods, Defendant is infringing upon DSN's trademark rights.  Given the identical or substantially similar nature of Defendant's use of the term "Liquid Clen" to sell identical goods to the same market using the same marketing channel, there is a substantial likelihood that consumers will be confused, misled or deceived.  Accordingly, Defendant's sales of its infringing product diminishes the value of DSN's CLEN® trademark and damages the goodwill and reputation of DSN's products.

9.     On July 31, 2014, DSN demanded that Defendant cease its trademark infringement through the marketing and sale of "Liquid Clen," but Defendant has refused.

To the extent that Defendant's conduct before July 31, 2014 was unintentional, it is beyond dispute that Defendant's conduct since that time has been has been willful.  However, upon information and belief, Defendant's conduct before July 31, 2014 was willful as well.

10.     As a consequence of these activities and the impairment to DSN's goodwill, reputation and customer base, DSN has been irreparably harmed to an extent not yet determined, and Defendant fully intends to continue infringing DSN's trademark rights, and continue to irreparably harm DSN, unless the Court preliminarily and permanently enjoins VPX, as requested below.

11.     All conditions precedent to the assertion of the causes of action below, and the remedies sought below, have occurred or been waived.

**D.**
**CAUSES OF ACTION**

**Count 1: Trademark Infringement under the Lanham Act**

12.     DSN repeats and realleges each and every allegation made in the previous paragraphs as if fully rewritten herein.

13.     Registration of DSN's trademark CLEN® on the Principal Register is not only prima facie evidence of the validity of the trademark CLEN®, it also provides constructive notice to Defendant as to DSN's claim of ownership.  15 U.S.C. § 1057(b); 15 U.S.C. § 1072.  Defendant had actual notice that DSN's trademark CLEN® is a federally registered mark.

14.     VPX has engaged in the willful infringement of (and is infringing on) DSN's trademark CLEN® by using, within commerce in the United States, a substantially similar mark in connection with the sale of dietary and nutritional supplements on the internet in

such a way as is likely to cause confusion, or to cause mistake, or to deceive.  Defendant's infringement of DSN's trademark CLEN® has been and continues to be willful.

### **Count 2: Unfair Competition under the Lanham Act and Common Law**

15.     DSN repeats and realleges each and every allegation made in the previous paragraphs as if fully rewritten herein.

16.     Defendant's sale of the dietary and nutritional supplement named "Liquid Clen" in commerce throughout the United States as set forth above constitutes a false designation of origin, false description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to Defendant's affiliation, connection, or association with DSN as to the origin, sponsorship, or approval of Defendant's goods and/or commercial activities at issue, in violation of 15 U.S.C. § 1125(a).

17.     Defendant's sale of the dietary and nutritional supplement named "Liquid Clen" in commerce throughout the United States as set forth above also constitutes a false designation of origin, false description of fact, or false or misleading representation of fact, which in commercial advertising or promotion is likely to misrepresent the nature, characteristics, qualities of goods and/or commercial activities at issue, in violation of 15 U.S.C. § 1125(a).

18.     Defendant's sale of the dietary and nutritional supplement named "Liquid Clen" in commerce throughout the United States as set forth above enables Defendant to confuse or deceive the public by passing off Defendant's "Liquid Clen" product as a product manufactured by, sold by, licensed by, or otherwise sponsored or approved by, DSN.  Such conduct constitutes unfair competition with DSN at common law.

**E.**
**RELIEF SOUGHT**

**COUNT 1**
**Temporary and Permanent Injunction**

19.     DSN repeats and realleges each and every allegation made in the previous paragraphs as if fully rewritten herein.

20.     As a direct and proximate result of VPX's conduct as described above, DSN has suffered irreparable harm through the loss of exclusivity of its trademark rights, damage to its goodwill and the value of its substantial investment in its trademark CLEN®.  The total loss to DSN cannot be accurately measured at this time, although actual damages are anticipated to exceed $200,000 at a minimum.

21.     At this point, DSN has no adequate remedy at law, and DSN is suffering immediate, imminent, irreparable harm.  Should VPX's actions continue unabated, VPX will have effectively destroyed the value of DSN's goodwill and substantial investment in its trademark CLEN®, while providing VPX the ability to profit from its wrongful acts by gaining in a matter of days a competitive advantage in the market place that it took DSN many years to build, thereby destroying DSN's legally obtained competitive advantages, trademark rights and business goodwill.  DSN has a substantial likelihood of success on the merits of its claims.  The magnitude of the injury that DSN is suffering as a result of Defendant's unlawful conduct heavily outweighs whatever hardship Defendant could allege or prove from being restrained as requested below; besides, when conduct is willful (as Defendant's conduct clearly is), the Court need not balance hardship.  *United States v. Marine Shale Processors*, 81 F.3d 1329, 1358-59 (5th Cir. 1996).  Finally, the granting of the

injunctive relief herein would not adversely affect public policy or public interest.  VPX's illegal conduct is ongoing and unlikely to cease unless enjoined.

22.     DSN is also entitled to injunctive relief pursuant to 15 U.S.C.§ 1116(a) and to an order compelling the impounding of all of VPX's infringing goods of Defendant.  DSN clearly has no adequate remedy at law for VPX's wrongful conduct because, among other reasons:  (a) DSN's trademark CLEN® is unique and valuable property that has no readily determinable market value; (b) VPX's infringement constitutes harm to DSN's business reputation and goodwill such that DSN could not be made whole by any monetary award; (c) if VPX's conduct is allowed to continue, the public and relevant market are likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the products identified by VPX's infringing mark, "Liquid Clen"; and (d) VPX's wrongful conduct, and the resulting damages to DSN, is on-going.  Thus, a temporary injunction in this case would fulfill the purposes of the Lanham Act.

23.     Consequently, DSN requests a Temporary Injunction against VPX and its agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, that: (a) prohibits such persons or entities from using DSN's trademark CLEN® in connection with sale and/or distribution of dietary and nutritional supplements through any trade channel; (b) directs such persons to disconnect and instruct their agents to disconnect any websites, servers, caches, or other network related means of delivering sales or promotional information on products which infringe or use DSN's trademark CLEN®, via the Internet, such that users may not access these websites; (3) directs such persons to delete any "metadata" or similar

information associated with any search engines or similar tools used to direct users to the websites operated by Defendant or third parties that sell or offer to sell dietary or nutritional supplements infringing DSN's trademark CLEN®; and (iv) directs Defendant to deliver for destruction or alteration all advertisements, price lists, product brochures, labels, signs, prints, decals, packages, boxes, cartons, wrappers, and any other materials that use DSN's trademark CLEN® as permitted by 15 U.S.C. § 1118.

24.     DSN also requests a permanent injunction that will permanently continue the dictates of the temporary injunction set forth above.

## COUNT 2
## Damages

25.     DSN repeats and realleges each and every allegation made in the previous paragraphs as if fully rewritten herein.

26.     DSN requests that the Court find that VPX has willfully infringed DSN's exclusive trademark rights in DSN's trademark CLEN® in violation of 15 U.S.C. §§ 1051 *et seq*., 1114 *et seq*., 1117 *et seq*., and 1121 *et seq*. and/or common law and have competed and continue to compete unfairly with DSN under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and common law and award DSN damages adequate to compensate for Defendant's respective acts of trademark infringement, including damages based on Defendant's respective profits and/or any damages sustained by DSN through Defendant's unlawful infringement of DSN's trademark CLEN®, as permitted by 15 U.S.C. § 1117.  In addition, the award of damages and profits should be trebled pursuant to 15 U.S.C § 1117(b)

or alternatively, the award of statutory damages should be enhanced pursuant to 15 U.S.C. § 1117(c).

## COUNT 3
### Attorney's Fees & Costs

27.     DSN repeats and realleges each and every allegation made in the previous paragraphs as if fully rewritten herein.

28.     DSN requests an award of reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. § 1117.

## PRAYER

WHEREFORE, DSN requests that the Court:

a.     Enter judgment that Defendant has infringed DSN's exclusive trademark rights in DSN's trademark CLEN® in violation of 15 U.S.C. §§ 1051 *et seq*., 1114 *et seq*., 1117 *et seq*. and 1121 *et seq*. and/or common law and has competed and continues to compete unfairly with DSN under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and common law;

b.     Find Defendant's infringement of DSN's trademark CLEN® was willful, or undertaken with knowledge or in bad faith, as those terms are used in Section 43(c) of the Lanham Act;

c.     Award DSN damages adequate to compensate for Defendant's acts of trademark infringement, including damages based on Defendant's profits and/or any damages sustained by DSN, as permitted by 15 U.S.C. § 1117;

d.     Award pre-judgment and post judgment interest on the damages at the highest amounts permitted by law;

e.     Enter a preliminary and permanent injunction as requested above;

f.     Provide DSN an award of reasonable attorney fees and taxable court costs as permitted by the Lanham Act; and

g.     Award such other relief as the Court deems just and proper.

DATE:   September 12, 2014

Respectfully submitted,

**HICKS THOMAS LLP**
A REGISTERED LIMITED LIABILITY PARTNERSHIP

By: _____

**Stewart Hoffer (Attorney in Charge)**
Texas Bar No. 00790891
S.D. Tex. I.D. No. 20123
700 Louisiana, Suite 2000
Houston, Texas 77002
713.547.9100 (Telephone)
713.547.9150 (Facsimile)

**ATTORNEY FOR PLAINTIFF**
**DYNAMIC SPORTS NUTRITION, LLC**